UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-01802-KK-Ex** | Date: | August 30, 2024 |
|---|---|---|---|

| Title: | *Worldhaus Construction PVT LTD v. BMCI, Inc., et al.* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction**

On August 23, 2024, plaintiff Worldhaus Construction PVT LTD ("Plaintiff") filed a Complaint against defendant BMCI, Inc. and Scott Barsotti ("Defendants"), asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  ECF Docket No. ("Dkt.") 1, Compl.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties.  Complete diversity requires each plaintiff to be of a different citizenship than each defendant.  Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  An individual is a citizen of the state where they are domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Here, Plaintiff has not adequately alleged the citizenship of individual defendant Barsotti. While Plaintiff alleges defendant Barsotti "is a resident of San Bernardino County, California" Compl. ¶ 3, this allegation is insufficient to establish citizenship for purposes of diversity

jurisdiction, see Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("[A] natural person's state citizenship is [] determined by her state of domicile, not her state of residence.").

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall file a response to this Order **no later than seven days from the date of this Order**.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for lack of subject matter jurisdiction and/or failure to prosecute and comply with court orders.**  See Arbaugh, 546 U.S. at 514; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**